19-2454-cv
*Toppin v. County of Nassau*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 25th day of September, two thousand twenty.

Present:
> ROBERT D. SACK,
> ROBERT A. KATZMANN,
> RICHARD C. WESLEY,
> > *Circuit Judges.*

---

Earl Toppin, Individually and as Administrator of the Estate of William Satchell, Antoine Satchell,

> *Plaintiffs-Appellants*,

v.                                                                    No. 19-2454-cv

County of Nassau, County of Nassau Sheriff's Department, John and Jane Does 1-10, Individually and in their official capacities as Police Officers and/or agents of the County of Nassau, John and Jane Does 1-10, Individually and in their official capacities as Deputies, Correction Officers, and/or agents of the County of Nassau Sheriff's Department, Armour Correctional Health Services, Inc., John and Jane Does 1-10, Individually and in their official capacities as agents and/or employees of Armour Correctional Health Services, Inc., Nassau University Medical Center, John and Jane Does 1-10, Individually and in their official capacities as agents and/or employees of Nassau University Medical Center,

> *Defendants-Appellees*,

v.

Incorporated Village of Hempstead, John and
Jane Does 1-10, individually and in their official
capacities as Police Officers and/or agent of the
Incorporated Village of Hempstead,

*Defendants.*

| | |
|---|---|
| For Plaintiffs-Appellants: | VALERIE A. HAWKINS, ESQ., Hempstead, NY. |
| For Defendant-Appellee Armour Correctional Health Services, Inc.: | NICHOLAS HURZELER, Lewis Brisbois Bisgaard & Smith LLP, New York, NY. |
| For Defendants-Appellees County of Nassau, County of Nassau Sheriff's Department, John and Jane Does 1-10: | ROBERT F. VAN DER WAAG, Deputy County Attorney, *for* Jared A. Kasschau, Nassau County Attorney, Mineola, NY. |

Appeal from a judgment of the United States District Court for the Eastern District of New York (Feuerstein, *J.*) (Brown, *M.J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the district court is **AFFIRMED.**

Plaintiffs appeal from an order of the United States District Court for the Eastern District of New York (Feuerstein, *J.*) denying their motion to vacate a prior order dismissing this action as duplicative of an identical action then pending in the same court. For the reasons stated below, we affirm the district court's well-reasoned order. Although we assume familiarity with the factual and procedural background of this case and the issues raised on appeal, we include a brief summary here to aid the discussion that follows.

**BACKGROUND**

This case involves Plaintiffs' allegations about an incident in which local law-enforcement agents forcibly entered the house where Plaintiffs were staying, arrested them, and—Plaintiffs

allege—caused the death of William Satchell by unlawfully withholding necessary medical care while he was in custody. William Satchell's estate is represented here by Plaintiff Earl Toppin.

## I.    *Toppin I*

On March 17, 2018, Plaintiffs filed an action in the United States District Court for the Eastern District of New York asserting claims under 42 U.S.C. § 1983 and New York state law. *See Toppin v. Incorporated Village of Hempstead*, No. 2:18-cv-1687-ADS-AYS (E.D.N.Y. Mar. 17, 2018) ("*Toppin I*"). In their complaint, Plaintiffs named as defendants the Village of Hempstead, the County of Nassau (the "County"), the County of Nassau Sherriff's Department, the Nassau University Medical Center, Armour Correctional Health Services, Inc. ("Armour"), and several unknown individual agents of the foregoing. That case was assigned to the late Honorable Arthur D. Spatt.

On August 13, 2018, the Village of Hempstead moved to dismiss the complaint for failure to state a claim upon which relief can be granted. Plaintiffs never responded to that motion. Meanwhile, Armour tried and failed to contact Plaintiffs' counsel to obtain their consent to an extension of time to answer the complaint; the district court granted such an extension nonetheless; and Armour answered the complaint on August 27, 2018. Then, on August 31, 2018, the County and the County of Nassau Sherriff's Department moved to dismiss the action for failure to prosecute, explaining that Plaintiffs had failed to serve the complaint on them, and had instead purported to serve an amended complaint that had never been filed.

Another month and a half passed without action from Plaintiffs or their counsel in *Toppin I*. (However, in the meantime and unbeknownst to the district court, Plaintiffs filed a second identical action—*Toppin II*, discussed below—on September 24, 2018.) Eventually, on October 18, 2018, Plaintiffs' counsel submitted a letter asking that the court dismiss *Toppin I* without prejudice "pursuant to [Federal Rule of Civil Procedure] 4(m), because it appears as though all of

the defendants were not timely served with the summons and complaint." App'x 56.[1] That letter failed to mention that Plaintiffs had filed a second identical action. The district court granted that motion and dismissed the entire action without prejudice pursuant to Rule 4(m) on March 7, 2019.

## II.     *Toppin II*

While *Toppin I* was pending—and before Plaintiffs asked Judge Spatt to dismiss that case—Plaintiffs filed this action. *See Toppin v. Incorporated Village of Hempstead*, 2:18-cv-5372-SJF-GRB (E.D.N.Y. Sept. 24, 2018) ("*Toppin II*"). As Plaintiffs concede, *Toppin II* is "essentially identical" to *Toppin I*, involving the same parties and similar claims. Appellants' Br. 14. Nevertheless, when filing this action Plaintiffs conspicuously failed to note the existence, much less the potential relatedness, of *Toppin I*, which was then still pending before Judge Spatt.[2]

*Toppin II* was randomly assigned to the Honorable Sandra J. Feuerstein. Plaintiffs' counsel failed to appear at the first scheduled conference, was not reachable by telephone, and mail sent to her office (including one defendant's motion to dismiss *Toppin II*) was returned as undeliverable. Eventually, Plaintiffs' counsel appeared at a conference on an Order to Show Cause on February 26, 2019; at that point, Plaintiffs' counsel had requested that Judge Spatt dismiss *Toppin I* but he had not yet done so. At the February 26 conference, Judge Feuerstein dismissed *Toppin II* on the record, explaining that it was duplicative of *Toppin I*.

---

[1]     Rule 4(m) provides, in pertinent part: "If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m) (emphasis added).

[2]     Rule 1.6(a) of the Joint Local Rules for the United States District Courts for the Southern and Eastern Districts of New York provides: "It shall be the continuing duty of each attorney appearing in any civil or criminal case to bring promptly to the attention of the Court all facts which said attorney believes are relevant to a determination that said case and one or more pending civil or criminal cases should be heard by the same Judge, in order to avoid unnecessary duplication of judicial effort. As soon as the attorney becomes aware of such relationship, said attorney shall notify the Judges to whom the cases have been assigned."

4

Not long thereafter, Judge Spatt dismissed *Toppin I*. Plaintiffs then filed a letter in *Toppin II* asking Judge Feuerstein to vacate her order dismissing *Toppin II* since it was no longer duplicative of a pending action. Judge Feuerstein denied the motion, citing cases of this Court holding that a district court's authority to administer its own docket includes the power to dismiss duplicative actions, and concluding that in this case "allowing the second-filed case to continue would only allow [Plaintiffs] to engage in judge shopping, and [was] unwarranted in light of the duplicative litigation and waste of judicial resources it would create." App'x 72 (internal quotation marks and citation omitted). Judge Feuerstein clarified, however, that her prior order dismissing *Toppin II* was "not on the merits." *Id.* at 70 n.2.

Plaintiffs timely appealed and we now affirm.

## DISCUSSION

Although unclear at first, the parties and the district court construed Plaintiffs' motion as a Rule 60(b) motion for relief from judgment. We review the district court's order for abuse of discretion. *See Devlin v. Transp. Commc'ns Int'l Union*, 175 F.3d 121, 132 (2d Cir. 1999).[3] The question before us is whether the district court abused its discretion in denying Plaintiffs' motion on the ground that *Toppin I* was no longer pending. Plaintiffs urge that by that time, the dismissal of *Toppin I* constituted "newly discovered evidence" within the meaning of Federal Rule of Civil Procedure 60(b)(2), and that relief from judgment under that Rule was warranted. We disagree.

"A motion for relief from judgment is generally not favored and is properly granted only upon a showing of exceptional circumstances. The burden of proof is on the party seeking relief from judgment." *United States v. Int'l Bhd. of Teamsters*, 247 F.3d 370, 391 (2d Cir. 2001). Plaintiffs did not carry that burden here. To be eligible for relief under Rule 60(b)(2), Plaintiffs

---

[3]     Unless otherwise indicated, when quoting cases we omit all citations, alterations, emphases, footnotes, and internal quotation marks.

would have had to "demonstrate that . . . the newly discovered evidence was of facts that existed at the time of trial or other dispositive proceeding." *Mirlis v. Greer*, 952 F.3d 36, 50 (2d Cir. 2020). But the fact of *Toppin I*'s dismissal plainly did not exist at the time the district court dismissed *Toppin II*—indeed, the fact that *Toppin I* was still pending was the very reason *Toppin II* was subject to dismissal as duplicative. The district court did not abuse its discretion in declining to grant relief under Rule 60(b)(2).

The remainder of Plaintiffs' arguments on appeal challenge the district court's refusal to otherwise reconsider its determination that *Toppin I* should have priority as the first-filed case. We find no abuse of discretion in the district court's reaffirmation that *Toppin I* should have priority over *Toppin II*. To the contrary, we share the district court's view that permitting a plaintiff to file a duplicative action in these circumstances would be wasteful at best, and at worst, would license "judge shopping." App'x 72. Plaintiffs argue that affording *Toppin I* priority over *Toppin II* would be the more wasteful course because *Toppin II* was "ripe for litigation on the merits" given the absence of contested issues relating to service of process. Appellants' Br. 16. But the fact that a party may be denied relief in one proceeding does not support a second, duplicative proceeding, far less so when the obstacles to relief are of the party's own creation.

The district court was amply justified both in dismissing *Toppin II* and in declining to grant relief from that order.[4] We accordingly affirm.[5]

---

[4] If anything, the district court exercised restraint in declining to order Plaintiffs' counsel to pay the costs occasioned by her failure to alert either district judge to the existence of a potentially related action. *See* Joint SDNY & EDNY Loc. Civ. R. 1.6(b) ("If counsel fails to comply with Local Civil Rule 1.6(a), the Court may assess reasonable costs directly against counsel whose action has obstructed the effective administration of the Court's business.").

[5] We note that three defendants either answered or moved to dismiss the complaint in *Toppin I* without objecting to service of process, thereby waiving any objections to service that they may have had. *See* Fed. R. Civ. P. 12(h). Furthermore, Rule 4(m) provides that if a defendant is not timely served with the complaint, "the court . . . must dismiss the action without prejudice *against that defendant* or order that service be made within a specified time." Fed. R. Civ. P. 4(m)

6

## CONCLUSION

To date, no court has reviewed the merits of Plaintiffs' claims. Because those merits are not before us, we express no view as to whether Plaintiffs' claims might ultimately succeed. But Plaintiffs' allegations are undeniably serious, and it is clear from the record before us that Plaintiffs' counsel has unnecessarily put her clients' claims at risk through a series of basic errors and professional carelessness. It would be most unfortunate if those failures prevented her clients' troubling allegations from ever being considered on the merits. Both her clients and our legal system deserve, and should expect, better.

We have considered all of Plaintiffs' arguments and found in them no basis for reversal. For the reasons set forth above, the order of the district court is **AFFIRMED**.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk

---

(emphasis added). Here, the district court in *Toppin I* dismissed the entire action even though three defendants had been adequately served and had responded to the complaint. Whatever relevance that may have to future proceedings in *Toppin I*—about which we express no view—we note that had the *Toppin I* court dismissed that action only as to the unserved defendants, *Toppin I* would have still been pending as of the time of Plaintiffs' motion to reopen *Toppin II*.